**Richard GROSS, et al.**

v.

**KING DAVID BISTRO, INC.**

**No. CIV. JFM–97–4037.**

United States District Court,
D. Maryland,
at Baltimore.

Feb. 1, 2000.

Jeffrey R. Scholnick, Law Office, Towson, MD, Jeffrey M. Kornblau, Lynn Sare Kornblau, Kornblau & Kornblau, P.C., Jenkintown, PA, for Plaintiffs.

Heather S. O'Connor, Eccleston & Wolf, Helen Elizabeth Bowlus, J. Joseph Curran, Jr., Office of the Attorney General, Michael Mehdi Rafi, Church & Houff, PA, Baltimore, MD, for Defendant.

## MEMORANDUM

MOTZ, Chief Judge.

Plaintiffs, Richard Gross, June Gross, Elaine Gross, and Steven Gross, have brought suit against defendant King David Bistro, Inc., ("KDB"), alleging negligence, breach of warranty, and strict liability. Defendant has filed a motion in limine to exclude opinions and conclusions of health department officials. The motion will be granted in part and denied in part.

### I.

Plaintiffs are residents of Pennsylvania who attended an event at the Southeast Hebrew Congregation Synagogue in Silver Spring, Maryland on April 21, 1996. Defendant KDB provided food for the event, including two trays of tuna fish salad. Approximately thirty-five of the seventy-five guests at the event, including plaintiffs, became ill with shigellosis, which, according to plaintiffs' evidence, was caused by the presence of the infectious organism Shigella sonnei in the tuna fish salad.

The Maryland Department of Health and Mental Hygiene ("DHMH"), in conjunction with several county and city agencies, conducted an investigation into the circumstances and causes of the shigellosis outbreak. DHMH officials interviewed numerous party attendees and KDB employees, collected stool samples from the caterer's workers and symptomatic guests, took rectal swabs, inspected KDB's premises, and gathered food samples from the party for analysis. Their final report on the shigellosis outbreak stated that:

> In conclusion, the tuna salad provided by [KDB] is the most likely vehicle of transmission as shown by epidemiological analysis. However, this could not be confirmed through positive Shigella results from laboratory testing of the food. It is possible that other food or drink items may be the vehicle of transmission. For example, high levels of fecal coliforms and E. coli, indicating fecal contamination, were also found in the whitefish salad. Finally, if the tuna salad was the vehicle of infection, the source of contamination cannot be clearly determined. Given the high degree of food handling required during food preparation, contamination most likely

occurred during food handling by [KDB], probably after the batch was split into three separate portions. However, though less likely due to reported limited food handling, the tuna salad may have become contaminated when it was handled by the party host(s) or guests.

Def.'s Mot. Ex. A. KDB argues that these conclusions are too speculative and uncertain to be admissible as a hearsay exception. In opposition, the plaintiffs contend that the full report should be admissible since the DHMH's investigation was thorough and trustworthy.

## II.

■ Evaluative government reports, although technically hearsay, are admissible as an exception under Fed.R.Evid. 803(8)(C). To qualify, the report must be the result of an investigation made pursuant to authority granted by law and may only be introduced in a civil proceeding. In addition, under Rule 803(8)(C) the government report must be trustworthy. Admissibility of government reports is assumed because of the general reliability of public agencies in conducting their investigations and the absence of a motive other than informing the public. *See Ellis v. International Playtex, Inc.*, 745 F.2d 292, 300 (4 th Cir.1984). Accordingly, the party opposing admission bears the burden of showing that the report is unreliable. *See Kehm v. Procter & Gamble Manufacturing Company*, 724 F.2d 613, 618 (8th Cir. 1983).

Since this is a civil case where the report was written after an investigation by an authorized state agency, I need only consider the trustworthiness of the DHMH's conclusions.[1] The advisory committee to the federal rules suggested four factors to assist in determining a government report's trustworthiness. The four factors are: (1) the timeliness of the investigation; (2) the special skill or experience of the official; (3) whether a hearing was held; and (4) possible motivation problems. The committee stated that Rule 803(8)(C) "assumes admissibility in the first instance but with ample provision for escape if sufficient negative factors are present." Fed.R.Evid. 403(8)(C) advisory committee's note.

There are really two distinct conclusions asserted by the DHMH officials in their report.[2] First, the DHMH concluded that the tuna salad was the most likely vehicle for the outbreak at the party. Second, assuming that the tuna salad was the bacteria vehicle, the report found that KDB was the most likely source of the contamination. Neither KDB nor plaintiffs adequately address the significance of this distinction. While KDB's motion only discusses the conclusion regarding the source of the contamination, KDB seeks to exclude all opinions and conclusions of the DHMH. Plaintiffs also do not separate out these distinct conclusions, but instead interchangeably use facts to support the admission of both findings. Since neither party has made it clear which issues are in contention, I will assume that KDB has objected to both conclusions.

### A.

■ The DHMH's first conclusion that the tuna fish salad was the likely vehicle of transmission is clearly admissible. Investigators initiated their inquiry within a week to ten days of the outbreak. The officials who investigated the outbreak are experts in the fields of health and epidemiology. The timeliness of the investigation and the expertise of the DHMH officials weigh heavily in favor of admissibility under Rule 803(8)(C). Also, despite there being no shigella found in the tuna salad

---

1. KDB does not challenge the factual data compiled in the report.

2. In trying to find the cause of the shigellosis, the DHMH sought to determine both the "vehicle" and the "source" of the bacteria. The "vehicle" concerns how the bacteria was actually transmitted to the partygoers. The "source," on the other hand, deals with how the bacteria was introduced into the "vehicle." Both are causes of the shigellosis but each involves a very different inquiry.

samples that were tested, the epidemiological analysis provided persuasive scientific support for the DHMH's conclusion. Since the epidemiological analysis showed a strong association between the tuna fish salad and infection with shigellosis, the officials' conclusion regarding the vehicle of transmission is trustworthy and admissible.

## B.

■ The DHMH report also suggested that KDB was the likely source of the shigella. The officials stated that, given the high degree of food handling by KDB and the reported limited food handling by the hosts and guests, KDB was probably responsible for contaminating the tuna salad. Despite the thoroughness of the investigation, the DHMH's conclusion regarding the source of the shigella is not trustworthy. Under the 803(8)(C) four factor test, a "strong likelihood of improper motivation on the part of a witness can outweigh all other trustworthiness factors." *Lewis v. Velez*, 149 F.R.D. 474, 488 (S.D.N.Y.1993). The investigators admitted that their conclusion concerning the likelihood of which party contaminated the tuna salad was essentially based on the participants' own testimony. In finding KDB the most likely source, the investigators acknowledged that their conclusion was primarily based on interviews with the party hosts who "reported that they, at most, put out silverware, potentially, cut bagels that were uncut at the bakery and uncovered dishes. Again, we have to go on the honestly [sic] of the people that report this information." Portesi Dep. at 45. Clearly, with the possibility of future litigation, the event hosts were interested and biased witnesses. Since the DHMH officials had to rely on these biased accounts in determining the source of the bacteria, this particular conclusion is not trustworthy. *See Faries v. Atlas Truck Body Mfg. Co.*, 797 F.2d 619 (8th Cir.1986) (holding that a police report that relied primarily on the account of an interested witness was inadmissible under Rule 803 because it was untrustworthy).

Plaintiffs' reliance on the report's statement that KDB was the "most likely" source of the contamination is misguided. This statement is only a hypothesis about how the shigella bacteria was introduced into the salad. The hypothetical nature of this statement is evident from the context of the report. The DHMH also explored the alternative possibility that the party hostess introduced the shigella into the tuna salad. In addition, the DHMH's conclusion about the source of the bacteria was greatly qualified. For example, the report itself found that "the source of contamination cannot be clearly determined." Def.'s Mot. Ex. A. Moreover, the officials themselves made clear that the party responsible for introducing the bacteria into the food was uncertain. David Portesi, the author of the report, stated in his deposition that the report was "just saying that this tuna salad that was prepared by the restaurant was the most likely vehicle. How that became contaminated by shigella is still a question." Portesi Dep. at 78. Another investigator, Carmela Groves, agreed that the source of the contamination could not be determined. *See* Groves Dep. at 112. Given the context of this conclusion, its qualified nature, and the investigators' own lack of certainty, it seems that the report's conclusion concerning KDB as the source of shigella was only one possible explanation. Although this theory may indeed be plausible, it does not rise above the level of a guess informed by biased accounts. Such speculation is untrustworthy and inadmissible.

For these reasons, defendant's motion in limine to exclude opinions and conclusions of health department officials is granted in part and denied in part. A separate order effecting this ruling is entered herewith.